Elizabeth Ferguson Hess, Defendant in Error, v. Charles H. Canode, Plaintiff in Error.

**Gen. No. 34,111.**

536

Opinion filed May 28, 1930.

JOHN ELLIOTT BYRNE, for plaintiff in error; GERALD T. WILEY, of counsel.

HERRICK, VETTE & PEREGRINE, for defendant in error.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

Plaintiff's statement of claim is for services rendered as a broker at the special instance and request of the defendant, as a result of which services plaintiff secured a purchaser for the premises known as number 734 North Elmwood Avenue, Oak Park, Illinois, for which, as charged by the plaintiff, the defendant agreed to pay a reasonable and customary broker's fee. There is not much dispute as to the evidence.

It is practically admitted or proved by the overwhelming weight of the evidence that the defendant was the owner of the premises in question and that the

plaintiff in the year 1924, was engaged in the real estate business with offices located at Oak Park, Illinois. The plaintiff had in her employ a saleswoman by the name of Mary Quinn, who first met the purchasers of the property, Frederick W. Boss and Kathryn Boss, his wife, in June, 1924. During this month she showed this property to Boss and his wife and, at the same time, they were introduced to the defendant. The property had been listed for sale with the plaintiff and remained with her for sale until November 26, 1924, at which time the defendant wrote a letter, which is in evidence as plaintiff's exhibit 3, in which he stated that he desired to withdraw the property from the sale list.

December 5, 1924, the defendant entered into a contract of sale with Boss and his wife, to convey the property in question, the terms for the sale being arranged by one Heman. The defendant admitted on the stand that it might have been through him that Heman obtained the information that the Bosses were interested in the purchase of the property.

It is apparent from the facts that the sale of the property to Boss and his wife was made within a very short period of time after the plaintiff was notified not to proceed further. The natural inference to be drawn from the evidence is that the plaintiff was the procuring cause, and that the purchasers of the property were introduced to the defendant through her efforts.

The jury found the issues on these questions in favor of the plaintiff and assessed her damages at the amount of $600, upon which verdict judgment was entered.

It is insisted as a ground for reversal that Mary Quinn should have been joined with the plaintiff as a partner in the proceeding, but there is no evidence showing any such partnership. It is also urged that the court erred in admitting plaintiff's exhibits 2 and

3. The former was the contract of sale. We see no force in this argument as, in our opinion, it was properly admitted. It is insisted further that it should not have gone to the jury because of the fact that certain lines of the contract, relating to the commission, were erased, but still legible. We see no force in this argument as it was the instrument of the parties as they prepared it. Exhibit 3 was the letter of November 26, 1924, from the defendant to plaintiff, stating that he had withdrawn his property from the sales list. This letter was competent as showing the employment of the plaintiff and for the further reason that it indicated an attempt on the part of the defendant to avoid the payment of commission. It is apparent that negotiations were immediately undertaken through Heman to proceed with the sale of the property even though the defendant had expressly stated in his letter that his property was withdrawn because it was too late for him to start building that fall.

Some objection was made to the instructions of the court. That part of the instructions objected to was to the effect that the plaintiff must show that she was the cause of the sale, and not merely that she brought in a buyer who did, eventually, purchase. This part of the court's instruction was more favorable to the defendant than it was to the plaintiff and, moreover, was not in our opinion erroneous. The further objection was, in fact, not an objection to the instructions, but appears to have been a discussion with the court in regard to whether or not it might be misleading. There was no force in the argument that the instructions were erroneous. There appears to have been no material error, either in the trial or in the giving of instructions.

For the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

RYNER and HOLDOM, JJ., concur.